UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| LOREN A. WEAVER, | )<br>) |
| Plaintiff, | ) Case no. 1:11-cv-257<br>) |
| v. | ) Honorable Paul L. Maloney<br>) |
| THOMAS R. HAMILTON, et al., | )<br>) **ORDER OF REMAND** |
| Defendants. | )<br>) |

This case was removed from the St. Joseph County Circuit Court by notice of removal filed March 16, 2011, citing complete diversity of citizenship and requisite amount in controversy as the basis for district court jurisdiction. 28 U.S.C. §§ 1332(a), 1441(a). At a Rule 16 scheduling conference conducted on April 19, 2011, the magistrate judge noted that the notice of removal is defective for failure to identify the citizenship of each member of defendant Hunt Suedhoff Kalamaros, LLP, a limited liability partnership. For purposes of determining diversity of citizenship, a partnership or limited liability company has the citizenship of each of its members. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 189, 192-97 (1990); *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010); *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 672 (6th Cir. 2004). As required by Sixth Circuit authority, *Centimark*, 596 F.3d at 356-57, the magistrate judge afforded defendants the opportunity to amend their defective notice of removal, by requiring defendants to file an affidavit identifying each member of the partnership as of the date of removal and the citizenship of each. (Case Management Order, docket # 10, ¶ 3). Defense counsel has now

informed the court that two partners of the defendant partnership are residents of the State of Michigan. (Letter, docket # 13).

To create diversity under section 1332(a), "complete diversity" must exist. That is, all plaintiffs must be of diverse citizenship from all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Centimark*, 596 F.3d at 355. In the absence of complete diversity, this court lacks subject-matter jurisdiction over this action, which must be remanded to the state court. 28 U.S.C. § 1447(c). Accordingly:

IT IS ORDERED that the captioned case be and hereby is REMANDED to the St. Joseph County, Michigan, Circuit Court for lack of subject-matter jurisdiction.


Dated: May 4, 2011                   /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      Chief United States District Judge